Justice Thomas,
concurring in the judgment.
I agree that under 28 U. S. C. § 2253(c)(1)(A), a certificate of appealability was not required to seek appellate review of the issue in this case. See ante, at 183; see also post, at 200 (Scalia, J., concurring in part and dissenting in part). I further agree with the Court that 18 U. S. C. §§ 3599(a)(2) and (e) entitle eligible state postconviction litigants to federally funded counsel in available state clemency proceedings. See ante, at 183, 185-186. As even Justice Scalia acknowledges in his dissenting opinion, the statute “contains no express language limiting its application to proceedings in a federal forum.” Post, at 207; see also ante, at 194 (Roberts, C. J., concurring in judgment) (“Nothing in the text of § 3599(e) excludes proceedings for available state clemency . . . ”). By its express terms, the statute “entitle[s]” eligible litigants to appointed counsel who “shall rep *197 resent the defendant ... in such . . . proceedings for executive or other clemency as may be available to the defendant.” §§ 3599(a)(2), (e). Because the statute applies to individuals challenging either state or federal convictions, see § 3599(a)(2), and because state clemency is the only clemency available to those challenging state convictions, §§ 3599(a)(2) and (e) necessarily entitle eligible state post-conviction litigants to federally funded counsel in state clemency proceedings.
I disagree, however, with the assumption that § 3599 must be limited to “federal” proceedings in at least some respects. Ante, at 186; ante, at 195 (Roberts, C. J., concurring in judgment); post, at 202-203. The majority and dissent read such a limitation into subsection (a)(1) of the statute. But that subsection, like subsection (a)(2), “contains no language limiting its application to federal capital defendants. It provides counsel to indigent defendants in ‘every criminal action in which a defendant is charged with a crime which may be punishable by death.’” Post, at 202 (quoting §3599(a)(1)). The majority, then, compounds its error by attempting to discern some distinction between subsections (a)(1) and (a)(2), to which it properly declines to add an extratextual “federal” limitation, see ante, at 185-186. The dissent seizes on this inconsistency between the majority’s interpretation of subsections (a)(1) and (a)(2), but responds by incorrectly reading a parallel “federal” limitation into subsection (a)(2), see post, at 202-203. In the dissent’s view, “it is perfectly reasonable to assume” that subsection (a)(2) is limited to federal postconviction proceedings — including clemency proceedings — “even where the statute contains no such express limitation.” Post, at 202.
The Chief Justice, in contrast, finds a “federal” limitation in a clause of subsection (e) that is not before this Court in order to cabin the reach of today’s decision. He observes that the text of subsection (e) includes no “federal” limitation with respect to any of the proceedings listed in that subsec *198 tion. But The Chief Justice finds a way to avoid this “problematic result” by adding a different limitation to § 3599. In his view, the “best” reading of the phrase “subsequent stagefs] of available judicial proceedings” is one that excludes “state judicial proceedings after federal habeas” proceedings because they are “new” — not “subsequent” — judicial proceedings. Ante, at 195. Without this limitation, The Chief Justice explains, “[he] might be forced to accept the Government’s invitation to insert the word ‘federal’ into § 3599(e) — a limitation that would have to apply to clemency as well” — because he finds it “highly unlikely that Congress intended” for there to be no federal limitation at all in subsection (e). Ante, at 195.
This Court is not tasked with interpreting § 3599 in a way that it believes is consistent with the policy outcome intended by Congress. Nor should this Court’s approach to statutory construction be influenced by the supposition that “it is highly unlikely that Congress intended” a given result. See ante, at 195 (Roberts, C. J., concurring in judgment). Congress’ intent is found in the words it has chosen to use. See West Virginia Univ. Hospitals, Inc. v. Casey, 499 U. S. 83, 98 (1991) (“The best evidence of [Congress’] purpose is the statutory text adopted by both Houses of Congress and submitted to the President”). This Court’s interpretive function requires it to identify and give effect to the best reading of the words in the provision at issue. Even if the proper interpretation of a statute upholds a “very bad policy,” it “is not within our province to second-guess” the “wisdom of Congress’ action” by picking and choosing our preferred interpretation from among a range of potentially plausible, but likely inaccurate, interpretations of a statute. Eldred v. Ashcroft, 537 U. S. 186, 222 (2003); see also TVA v. Hill, 437 U. S. 153, 194 (1978) (“Our individual appraisal of the wisdom or unwisdom of a particular course consciously selected by the Congress is to be put aside in the process of interpreting a statute”). “Our task is to apply the text, not *199 to improve upon it.” Pavelic & LeFlore v. Marvel Entertainment Group, Div. of Cadence Industries Corp., 493 U. S. 120, 126 (1989).
This statute’s silence with respect to a “federal” limitation in no way authorizes us to assume that such a limitation must be read into subsections (a) and (e) in order to blunt the slippery-slope policy arguments of those opposed to a plain-meaning construction of the provisions under review, see ante, at 188-190. And Congress’ silence certainly does not empower us to go even further and incorporate such an assumption into the text of these provisions. Post, at 205-207. Moreover, the Court should not decide a question irrelevant to this case in order to pre-empt the “problematic” results that might arise from a plain-text reading of the statutory provision under review. See ante, at 195 (Roberts, C. J., concurring in judgment). Whether or not The Chief Justice’s construction of the “subsequent stage of available judicial proceedings” clause of subsection (e) is correct, it is irrelevant to the proper interpretation of the clemency clause of subsection (e). Even if the statute were to authorize federal posteonviction counsel to appear in state proceedings other than state clemency proceedings, a question not resolved by today’s decision, that conclusion would not provide a legitimate basis for adopting the dissent’s atextual interpretation of the clemency clause of subsection (e). The “best” interpretation of the clemency clause does not turn on the unresolved breadth of the “subsequent stage of available judicial proceedings” clause.
Rather, the Court must adopt the interpretation of the statute that is most faithful to its text. Here, the absence of a “federal” limitation in the text of subsections (a) and (e) of § 3599 most logically suggests that these provisions are not limited to federal clemency proceedings. “If Congress enacted into law something different from what it intended, then it should amend the statute to conform it to its intent. It is beyond our province to rescue Congress from its draft *200 ing errors, and to provide for what we might think is the preferred result.” Lamie v. United States Trustee, 540 U. S. 526, 542 (2004) (internal quotation marks and ellipsis omitted). Accordingly, I concur in the judgment.
Justice Scalia, with whom Justice Alito joins, concurring in part and dissenting in part.
I agree with the Court that Harbison was not required to obtain a certificate of appealability under 28 U. S. C. § 2253(c)(1)(A) before appealing the District Court’s denial of his motion to expand counsel’s appointment. See ante, at 183. I do not agree, however, that 18 U. S. C. § 3599 gives state prisoners federally funded counsel to pursue state clemency. While purporting to adopt a “straightforward reading of the statute,” ante, at 185, the Court in fact selectively amends the statute — inserting words in some places, twisting their meaning elsewhere. Because the statute is most naturally and coherently read to provide federally funded counsel to capital defendants appearing in a federal forum, I would affirm the decision of the Sixth Circuit and hold that Harbison was not entitled to federally funded counsel to pursue state clemency.
I
Title 18 U. S. C. § 3599(a)(2) provides for the appointment of counsel as follows:
“In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f).”
*201 Section 3599(e) defines the scope of appointed counsel’s representation:
“Unless replaced by similarly qualified counsel upon the attorney’s own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.”
As the Court notes, the first of these provisions entitled Harbison to counsel for § 2254 proceedings. And the second of them, without any express qualification, provides for counsel’s continued representation through “such ... proceedings for executive or other clemency as may be available to the defendant,” which in petitioner’s case would include state clemency proceedings. The Court thus concludes that the statute’s “plain language” provides Harbison federally funded counsel to represent him in state clemency proceedings. Ante, at 185.
But the Court quickly abandons its allegedly “plain” reading of the statute when it confronts the subsection that precedes these two, which provides:
“Notwithstanding any other provision of law to the contrary, in every criminal action in which a defendant is charged with a crime which may be punishable by death, a defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services at any time either—
*202 “(A) before judgment; or
“(B) after the entry of a judgment imposing a sentence of death but before the execution of that judgment;
“shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f).” § 3599(a)(1).
The Court states that “(a)(1) describes federal capital defendants.” Ante, at 184. But according to the Court’s mode of analysis, that is not so. Subsection (a)(1), like subsection (e), contains no language limiting its application to federal capital defendants. It provides counsel to indigent defendants in “every criminal action in which a defendant is charged with a crime which may be punishable by death.” § 3599(a)(1) (emphasis added). Why, then, is subsection (a)(1) limited to federal capital defendants? Because, as the Court notes, “the statute is primarily concerned with federal criminal actions and (a)(1) includes no language suggesting that it applies more broadly.” Ante, at 186 (footnote omitted).
Quite right. Section 3599 was enacted as part of a bill that created a new federal capital offense, see ibid., n. 3, and it is perfectly reasonable to assume that a federal statute, providing federally funded counsel, applies in federal proceedings only, even where the statute contains no such express limitation. Cf. Barron ex rel. Tiernan v. Mayor of Baltimore, 7 Pet. 243, 247-248 (1833). But there is no basis for adopting that reading with respect to only half the statute. If subsection (a)(1) is limited to federal proceedings, then subsection (e), which likewise contains no express federal limitation, is similarly limited. We cannot give the same silence (omission of the limiting word “federal”) in adjacent and simultaneously enacted subsections of the same law (§ 3599) divergent meanings.
The Court advances two arguments for reading subsection (e) more broadly. First, it claims that unlike subsection *203 (a)(1), “subsection (a)(2) refers to state litigants.” Ante, at 186. It most certainly does not. It refers to proceedings under §§2254 and 2255 — proceedings under federal statutes providing federal causes of action in federal court. Read together, subsections (a)(1) and (a)(2) provide federally funded counsel for persons convicted of capital crimes who are appearing in federal court. Subsection (a)(2) neither undermines the Court’s earlier statement that “the statute’s primary focus is federal” proceedings, nor gives the Court license to insert words selectively into the statutory text.
The Court next reasons that the phrase “executive or other clemency” suggests that subsection (e) includes state clemency proceedings. Since (the argument goes) federal clemency is exclusively executive, the word “other” must refer to state clemency, or else it would be superfluous. But the drafting history, which the Court thinks relevant, ante, at 190-192, defeats the inference the Court wishes to draw. The current text of subsection (e) first appeared in a version of the bill that included what is now subsection (a)(1) (which the Court concedes deals only with federal proceedings), but not subsection (a)(2) (which the Court would deem applicable to state proceedings). 134 Cong. Rec. 22995 (1988). In other words, at the time of its introduction, subsection (e) applied only to federal defendants, and the phrase “or other clemency” was unquestionably superfluous.
In any event, the Court’s reading places a great deal of weight on avoiding superfluity in a statute that is already teeming with superfluity. Item: Subsection (a)(2) needlessly refers to §2255 proceedings even though subsections (a)(1) and (e) taken together would provide federal capital defendants with counsel in §2255 proceedings. Item: Subsection (a)(2) provides counsel “in accordance with subsections (b) through (f)” even though subsections (b) and (c) have no conceivable relevance to subsection (a)(2).* Item: Subsec *204 tion (e) provides counsel “throughout every subsequent stage of available judicial proceedings,” including “all available post-conviction process.” (Emphasis added.) The first use of the term “available” is already of dubious value (is counsel expected to represent a defendant in unavailable proceedings?), but its needless repetition is inexplicable. In a statute that is such a paragon of shoddy draftsmanship, relying upon the superfluity of “or other” to extend the statute’s application from federal to state proceedings is quite absurd — and doubly absurd when that extension is illogically limited to the subsection in which “or other” appears.
II
The Court’s reading of subsection (e) faces a second substantial difficulty. Subsection (e) provides that counsel, once appointed,
“shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures. ” § 3599(e).
In other words, once counsel is appointed under (a)(2), petitioner is entitled to federal counsel “throughout every subsequent stage of available judicial proceedings.” The Government argues that, if subsection (e) is not limited to federal proceedings, then a §2254 petitioner who obtains federally funded counsel will retain that counsel, at federal expense, in all “subsequent” state-court proceedings, including the retrial that follows the grant of federal habeas relief. The *205 Court disagrees, on the ground that a new trial represents the “commencement of new judicial proceedings.” Ante, at 189.
I need not enter that controversy. What is clear, at least, is that (if subsection (e) includes state proceedings) federally funded counsel would have to represent petitioners in subsequent state habeas proceedings. The Court tries to split the baby here, conceding that “a district court may determine on a case-by-case basis that it is appropriate for federal counsel to exhaust [in state court] a claim in the course of her federal habeas representation.” Ante, at 190, n. 7. The Court tries to derive this discretionary authority from subsection (e)’s provision for representation by federal counsel in “other appropriate motions and procedures.” §3599(e) (emphasis added). But that provision is in addition to, rather than in limitation of, subsection (e)’s unqualified statement that counsel “shall represent the defendant throughout every subsequent stage of available judicial proceedings, including... all available post-conviction process.” The provision then continues: “together with applications for stays of execution and other appropriate motions and procedures.” (Emphasis added.) There is no way in which this can be read to limit the requirement that counsel represent the defendant in “every subsequent stage of available judicial proceedings,” which would include habeas proceedings in state court.
The Court seeks to avoid this conclusion by saying that “[s]tate habeas is not a stage ‘subsequent’ to federal habeas,” because “[petitioners must exhaust their claims in state court before seeking federal habeas relief.” Ante, at 189. This is a breathtaking denial of reality, confusing what should be with what is. It is rather like saying that murder does not exist because the law forbids it. To be sure, petitioners are supposed to complete state postconviction proceedings before pursuing relief in federal court. But they often do not do so, and when they do not our opinions permit them to seek stays or dismissals of their §2254 petitions in *206 order that they may thereafter (subsequently) return to state court to exhaust their claims. See Rhines v. Weber, 544 U. S. 269, 277-278 (2005); Pliler v. Ford, 542 U. S. 225, 228 (2004). Additionally, inmates may — as petitioner did in this case — file successive state habeas petitions after § 2254 proceedings are complete. See Harbison v. State, No. E2004-00885-CCA-R28-PD, 2005 WL 1521910, *1 (Tenn. Crim. App., June 27, 2005). These subsequent state proceedings are not rare but commonplace, and it is inconceivable (if state proceedings are covered) that subsection (e) does not refer to them. Indeed, one would think that subsection (e) refers especially to them. And what kind of an incoherent statute would it be that allows counsel for de/acfo-subsequent federal habeas claims that should have been brought earlier (see § 3599(a)(2)) but does not allow counsel for subsequent state habeas claims that have the same defect?
If § 3599(e) includes state proceedings (as the Court holds), and if “subsequent” is given its proper scope (rather than the tortured one adopted by the Court) — then § 3599(a)(2),s limitation of federally provided counsel to only federal habeas proceedings would amount to a dead letter. A capital convict could file for federal habeas without first exhausting state postconviction remedies, obtain a stay or dismissal of that federal petition, and return to state court along with his federally funded lawyer. Indeed, under our decision in McFarland v. Scott, 512 U. S. 849 (1994), he need not even file an unexhausted federal habeas petition; he can file a stand-alone “motion requesting the appointment of habeas counsel,” id., at 859, and obtain federally funded counsel that he can then take back for the subsequent state proceedings. The question persists: Why would § 3599(a)(2) provide counsel in only federal habeas proceedings, when § 3599(e) makes it so easy to obtain federally funded counsel for state habeas proceedings as well?
*207 * * *
Concededly, §3599 contains no express language limiting its application to proceedings in a federal forum. And yet Harbison, the Government, and the Court all read part of that section to refer to federal proceedings only. The Court’s refusal to extend that limitation to the entirety of § 3599 is untenable. It lacks a textual basis and has the additional misfortune of producing absurd results, which the majority attempts to avoid by doing further violence to the statutory text. I would read the statute as providing federal counsel to capital convicts appearing in a federal forum, and I accordingly would affirm the judgment of the Sixth Circuit.

Subseetion (b) details the requisite qualifications for a lawyer appointed “before judgment”; but appointments under subsection (a)(2) are made only after judgment. Subsection (e) requires that a lawyer ap *204 pointed after judgment have been “admitted to practice in the court of appeals for not less than five years” (emphasis added); but the postconviction proceedings dealt with by subsection (a)(2) take place in federal district court.